37977. BERRY v. PEACE OFFICERS' ANNUITY & BENEFIT
FUND OF GEORGIA et al.

MARSHALL, Justice.

Berry's claim for disability benefits under the Peace Officers' Annuity and Benefit Fund of Georgia (the Fund) was denied by the Fund's board of commissioners and by the superior court. He appeals. We affirm.

1. The trial judge based his judgment on his conclusion of law that the appellant was, at no time pertinent to this case, a lawful member of the Fund, in that he was not "required by the terms of his employment as such warden or guard to give his *full time* to his job as such warden or guard." (Emphasis supplied.) Code Ann. § 78-901 (Ga. L. 1950, pp. 50, 53; as amended, Ga. L. 1974, p. 1201). This conclusion was, in turn, based on his findings of fact that the appellant had been employed at the Fulton County Public Work Camp in various custodial and supervisory capacities, and that, although he at various times had carried a gun, the terms of his employment did not require him to do so.

However, under our recent holding in *Priest v. Peace Officers' Annuity & Benefit Fund of Ga.,* 248 Ga. 603 (1) (284 SE2d 257) (1981), Berry's custodial and supervisory duties over county work camp inmates qualified him as a "guard," hence a "peace officer" within the meaning of § 78-901, supra, regardless of whether or not he carried weapons during working hours.

2. Although the judgment was not authorized on the basis given, it was authorized on two other grounds, as follows:

(a) The trial judge found as fact that the appellant had been retired on disability in *1977,* but did not apply for disability benefits from the Fund until *1980* — beyond the 12-month period within which he was required to apply. Code Ann. § 78-911 (b) (Ga. L. 1950, pp. 50, 55; as amended, Ga. L. 1976, p. 580).

(b) The record and the trial judge's findings of fact show that Berry had failed to fulfill the requirement that he notify the Fund that his duties had changed (several times) and that his job had been terminated by his disability retirement in 1977. Berry also had made a false statement on the Fund's informational form, specifically, that he was still employed by the Fulton County Public Works Department; and he applied for disability benefits as though he were still an employee.

*Judgment affirmed. All the Justices concur.*

Decided January 6, 1982 —
Rehearing denied January 27, 1982.

*Bogart & Moss, Joel Y. Moss,* for appellant.
*Hall & Hamling, Robert E. Hall, Seay, Sims & Park, Clifford Seay,* for appellees.